UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TREVIYON DESHAWN REW,<br><br>                     Petitioner,<br><br>v.<br><br>DEAN BORDERS,<br><br>                     Respondent. | Case No.: 18cv1481-LAB (MDD)<br><br>**ORDER PERMITTING PETITIONER TO FILE SUPPLEMENTAL OBJECTIONS TO REPORT AND RECOMMENDATION** |

     Petitioner Treviyon Deshawn Rew, through counsel, filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. The matter was referred to Magistrate Judge Mitchell Dembin for report and recommendation. After receiving briefing, Judge Dembin on April 4 issued a comprehensive 33-page report and recommendation, (the "R&R"), recommending that the habeas petition be denied both because claims were procedurally defaulted, and on the merits.

     After requesting and being granted an extension of time, Rew's counsel filed 3-page objections to the R&R. He objects to the R&R's recommendation that claims four and five be denied as procedurally defaulted. His only argument in favor of this is that a "fundamental miscarriage of justice" will result from failure to consider the claims on their merits. (Obj. to R&R (Docket no. 17), at 2.) He also objects to the R&R's recommendation that all five claims be denied on the merits,

but makes no argument in support of this. Instead, the objections merely refer the Court to the original petition. (*Id.,* at 3.)

Under Fed. R. Civ. P. 72(b)(3), a party may file "specific written objections" to the R&R. And under 72(b)(3), the Court must review de novo those portions of the R&R that have been "properly objected to." While the Ninth Circuit has not yet considered the effect of generalized, blanket, or conclusory objections, several other circuits have held that they do not trigger de novo review. *See United States v. Midgette*, 478 F.3d 616, 621 (4th Cir. 2007); *Howard v. Sec'y of H.H.S.*, 932 F.2d 505, 509 (6th Cir. 1991); *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988); *Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984). In particular, the Sixth Circuit explained that permitting generalized objections would undermine the congressional policy underlying the Federal Magistrates Act, and would render the report and recommendation procedure a waste of time. *Howard,* 932 F.2d at 509. District courts within this circuit have followed this principle. *See, e.g., Weber v. Ryan*, 2018 WL 4620546, slip op. at *4 (D. Ariz., Sept. 26, 2018); *Pittman v. Spearman*, 2017 WL 526541, at *3–4 (S.D. Cal., Feb. 9, 2017); *Griffin v. Safeway Corp.*, 2016 WL 5858986, at *1 (E.D. Wash., Oct. 6, 2016); *Encarnacion-Montero v. Sanders*, 2015 WL 3823891, at *2 (C.D. Cal., June 18, 2015).

The Court recognizes that it has discretion to review the entire R&R even without objections, and "may accept, reject, or modify" it. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Here, however, the R&R is 33 pages long. Conducting a de novo review of the entire R&R based on nothing more than a conclusory assertion of a fundamental miscarriage of justice and a request to look at the whole petition again would be a monumental waste of judicial resources. This is particularly true because Rew's counsel had nearly a month to review the R&R, identify any objectionable portions, and draft specific objections that included arguments and citations to authority. If there are errors in the R&R, he is in the best position to bring them to the Court's attention.

If Rew's counsel wishes to file supplemental objections to the R&R, he may do so no later than **May 30, 2019**. If he does not file supplemental objections, the Court will treat the R&R as not properly objected to. In that event, the Court would not be required to conduct a de novo review of the R&R or any portion of it. See *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that a district court must review report and recommendation "de novo *if objection is made*, but not otherwise).

**IT IS SO ORDERED**.

Dated: May 7, 2019

Hon. Larry Alan Burns
Chief United States District Judge