UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TREVIYON DESHAWN REW,<br><br>　　　　　　　　　　Petitioner,<br><br>v.<br><br>DEAN BORDERS,<br><br>　　　　　　　　　　Respondent. | Case No.: 18cv1481-LAB (MDD)<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION; AND**<br><br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS** |

Petitioner Treviyon Deshawn Rew, a prisoner in state custody, through counsel filed his petition for writ of habeas corpus under 28 U.S.C. § 2254. The petition was referred to Magistrate Judge Mitchell Dembin for a report and recommendation under 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). After receiving briefing, Judge Dembin on April 5 issued a 33-page report and recommendation (the "R&R"), which recommended denying the petition. The R&R gave the parties until April 22 to file objections. Rew's counsel requested an extension, which the Court granted.

On May 2, Rew's counsel filed three pages of objections. The objections conceded that three of the five claims were procedurally defaulted, but objected to the R&R's determination that two other issues were procedurally defaulted, and to

1

the R&R's conclusion that all five claims failed on the merits. The only gestures towards identifying any errors were to claim a "fundamental miscarriage of justice" and to ask the Court to look at the petition again. The Court found the objections to be generalized and conclusory, rather than the "specific written objections" required under Fed. R. Civ. P. 72(b)(3). The Court then *sua sponte* gave Rew's counsel until May 30 to file supplemental objections, and cautioned him that if he did not do so, the Court would treat the R&R as not properly objected to. The May 30 deadline has passed, and no supplemental objections have been filed.

The Court explained in its order of May 7, 2019 why blanket, generalized, or conclusory objections such as those Rew's counsel filed do not require *de novo* review of the R&R. Under Fed. R. Civ. P. 72(b)(3), a party may file "specific written objections" to the R&R. And under 72(b)(3), the Court must review de novo those portions of the R&R that have been "properly objected to." While the Ninth Circuit has not yet considered the effect of generalized, blanket, or conclusory objections, several other circuits have held that they do not trigger de novo review. *See United States v. Midgette*, 478 F.3d 616, 621 (4th Cir. 2007); *Howard v. Sec'y of H.H.S.*, 932 F.2d 505, 509 (6th Cir. 1991); *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988); *Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984). In particular, the Sixth Circuit explained that permitting generalized objections would undermine the congressional policy underlying the Federal Magistrates Act, and would render the report and recommendation procedure a waste of time. *Howard*, 932 F.2d at 509. District courts within this circuit have followed this principle. *See, e.g., Weber v. Ryan*, 2018 WL 4620546, slip op. at *4 (D. Ariz., Sept. 26, 2018); *Pittman v. Spearman*, 2017 WL 526541, at *3–4 (S.D. Cal., Feb. 9, 2017); *Griffin v. Safeway Corp.*, 2016 WL 5858986, at *1 (E.D. Wash., Oct. 6, 2016); *Encarnacion-Montero v. Sanders*, 2015 WL 3823891, at *2 (C.D. Cal., June 18, 2015).

The Court recognizes that it has discretion to review the entire R&R even without objections, and "may accept, reject, or modify" it. See 28 U.S.C.

§ 636(b)(1); Fed. R. Civ. P. 72(b)(3). Here, however, the R&R is 33 pages long. Throwing out the entire R&R and starting afresh based on nothing more than a generalized and conclusory assertion that it reached the wrong result would be a monumental waste of judicial resources. This is particularly true because Rew's counsel had nearly two months to review the R&R, identify any objectionable portions, and draft specific objections that included arguments and citations to authority and the record. But even given ample time and greater familiarity with the record, he has been unable to identify any errors.

The objections' only mention of any specific problem with the R&R was the contention that Rew's procedural default of his fourth and fifth claims should be excused, because a "fundamental miscarriage of justice" would result if the Court failed to consider those claims on their merits. This is nothing but a bare assertion, devoid of any factual or legal support or citation to the record. This conclusory objection does not require the Court's de novo review, although the Court has discretion to consider it anyway.

The "fundamental miscarriage of justice" exception for procedurally defaulted claims is available only where a petitioner asserts actual innocence. *Vosgien v. Persson*, 742 F.3d 1131, 1136 (9th Cir. 2014) (citing *Schlup v. Delo*, 513 U.S. 298, 314–15 (1995)). "Actual innocence" requires a showing that it is more likely than not that no reasonable juror would have convicted the petitioner; a showing of reasonable doubt is insufficient. *Wood v. Hall*, 130 F.3d 373, 379 (9th Cir. 1997) (citing *Schlup*, 513 U.S. at 327, 329)). Because Rew has never claimed he is actually innocent, either in his objections or in his original petition, his procedural defaults cannot be excused under the "fundamental miscarriage of justice" exception. The R&R did not err in failing to credit an argument Rew never made and still has not made. Furthermore, the R&R addressed all five claims and determined that they should be denied on the merits. To the extent this can be considered an objection to the R&R, it is **OVERRULED**.

3

18cv1481-LAB (MDD)

Rew's objections do not trigger a de novo review of the R&R. The Court has reviewed the R&R, finds it to be correct, and **ADOPTS** it. The petition is **DENIED**. A certificate of appealability is also **DENIED**. *See Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

**IT IS SO ORDERED**.

Dated: June 10, 2019

*[signature]*
Hon. Larry Alan Burns
Chief United States District Judge